PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY
(Convicted Montana Prisoners Only)

In the United States District Court for the District of Montana

_____BILLINGS_____ Division

(Please see Instruction 6.)

| Name of Petitioner: FRANCO LEO TORRES | vs. | Name of Respondent (Warden or Supervising Officer): DEVON McGEE and the Attorney General of the State of Montana |
|---|---|---|
| Prisoner No.: 2154258 | Place of Confinement: HELENA PRE-RELEASE | (Clerk Use Only): |

Instructions – Read Carefully

1. Use this form if you challenge the fact or duration of your custody under the authority of the State of Montana. Even if you believe 28 U.S.C. § 2254 does not apply, please use this form and answer its questions.

2. Your petition must be legibly handwritten or typed. You must tell the truth and sign the form. You may be prosecuted for perjury and/or one or more claims may be dismissed if you falsely state a material fact. Answer all the questions. You are not necessarily required to answer "yes" to all questions in order to proceed.

3. Use additional pages if necessary to state grounds for relief and/or facts you rely on to support relief. No brief or authorities need be furnished. If you choose to file a brief, please file it with your petition, but make it a separate document.

4. The filing fee is $5.00. If you cannot afford it, you may move to proceed in forma pauperis. Even if the motion is granted, you must pre-pay for copies of documents you request from the Clerk.

Petitioner's Last Name ___TORRES___                Petition for Writ of Habeas Corpus
                                                    Page 1 of 8

5. You must set forth all grounds for relief you want the Judge to review and facts supporting your grounds for relief. You will likely be barred from presenting different grounds at a later date. Generally, you must exhaust available state court remedies as to each ground before you request action by the federal court. The one-year federal statute of limitations is tolled while you are challenging the judgment underlying this petition in state court, provided you comply with state procedural law and rules. See 28 U.S.C. § 2244(b), (d).

6. You are not required to serve this petition on the State. Mail the original petition to the Court with either the $5.00 filing fee or a motion to proceed in forma pauperis. Keep a copy for your files. If you challenge a decision of the Parole Board, file in the Helena Division. Otherwise, file where you were convicted:

<u>Billings Division</u>: Big Horn, Carbon, Carter, Custer, Dawson, Fallon, Garfield, Golden Valley, McCone, Musselshell, Park, Petroleum, Powder River, Prairie, Richland, Rosebud, Stillwater, Sweetgrass, Treasure, Wheatland, Wibaux, and Yellowstone Counties
U.S. District Court Clerk, 2601 2nd Ave. North, Suite 1200, Billings, MT 59101

<u>Butte Division</u>: Beaverhead, Deer Lodge, Gallatin, Madison, and Silver Bow Counties
U.S. District Court Clerk, Mike Mansfield Courthouse, 400 N. Main, Butte, MT 59701

<u>Great Falls Division</u>: Blaine, Cascade, Chouteau, Daniels, Fergus, Glacier, Hill, Judith Basin, Liberty, Phillips, Pondera, Roosevelt, Sheridan, Teton, Toole, and Valley Counties
U.S. District Court Clerk, Missouri River Courthouse, 125 Central Ave. West, Great Falls, MT 59404

<u>Helena Division</u>: Broadwater, Jefferson, Lewis & Clark, Meagher, and Powell Counties
U.S. District Court Clerk, Paul G. Hatfield Courthouse, 901 Front St., Ste. 2100, Helena, MT 59626

<u>Missoula Division</u>: Flathead, Granite, Lake, Lincoln, Mineral, Missoula, Ravalli, Sanders
U.S. District Court Clerk, Russell Smith Courthouse, P.O. Box 8537, Missoula, MT 59807

# PETITION

1. Name of the state district court that entered the judgment you challenge:
YELLOWSTONE COUNTY, 13TH JUDICIAL DISTRICT COURT

2. Date written judgment was entered or, if unknown, sentencing date:
SENTENCED ON FEBRUARY 17TH 2015

Petitioner's Last Name ___TORRES___

Petition for Writ of Habeas Corpus
Page 2 of 8

3. What were you convicted of, or on what grounds was your probation revoked?
CONVICTED OF FELONY PFMA WITH P.F.O. ENHANCEMENT

4. What sentence was imposed? AS A P.F.O.
5 YEARS D.O.C. WITH BOOTCAMP RECOMMEND

5. What was your plea?

(a) Not guilty   G
(b) Guilty   G
(c) Nolo contendere or Alford   G

If you pleaded guilty or entered a nolo contendere or Alford plea on all counts, or if you entered such a plea on one or more counts and all other counts were dismissed, please go to Question Number 6. If you entered a guilty plea to one or more counts, and maintained a not guilty plea on another count, please state your plea on each count:

6. Did you appeal your conviction or sentence to the Montana Supreme Court?

Yes G     ~ Case Number and Date of Result:
No  G

7. Did you apply for relief to the Sentence Review Division?

Yes G     ~ Case Number and Date of Result:
No  G

8. Did you file a petition for certiorari in the United States Supreme Court?

Yes G     ~ Case Number and Date of Result:
No  G

9. Did you file in <u>state district court</u> a petition for postconviction relief?

Yes G     ~ Case Number and Date of Filing: DV - 16-0192
No  G                                        FEBRUARY 8, 2016

Petitioner's Last Name   TORRES

Petition for Writ of Habeas Corpus
Page 3 of 8

10. Did you appeal the denial of any postconviction petition?

    (Yes) G  ~ Case Number and Date of Result: DA 16-0693
    No   G                                    DISTRICT COURT JUDGEMENT
                                              WAS AFFIRMED

11. If you did not appeal the denial of any postconviction petition, explain briefly why you did not:

12. Have you filed in the <u>Montana Supreme Court</u> a petition for writ of habeas corpus?

    Yes  G  ~ Case Number and Date of Result:
    (No) G

13. State each ground on which you claim that you are being held unlawfully (e.g., Ground One: Confrontation Clause violation). Briefly summarize the facts supporting each ground and answer the questions following:

    A. Ground One: THE STATE COMMITTED A DUE PROCESS AND REVERSIBLE STRUCTURAL ERROR WHEN IT QUALIFIED TWO IRRELEVANT OUT-OF-STATE NEVADA DOMESTIC VIOLENCE CONVICTIONS FOR STACKING PURPOSES TO ENHANCE THE CURRENT CONVICTION AND SENTENCE TO A FELONY.

    (i) Supporting Facts: MONTANA LAW PERMITS STACKING OUT OF STATE CONVICTIONS FOR PFMA CASES WHEN THE OUT-OF-STATE STATUTE IS SIMILAR TO THE MONTANA PFMA STATUTE. THE NEVADA STATUTE IS NOT SIMILAR TO THE MONTANA PFMA STATUTE AND NEVADA CONVICTIONS WERE QUALIFIED BLINDLY AT THE INFORMATION STAGE OF THE PROCEEDINGS WITHOUT ANY ANALYSIS ACCORDING TO THE SUBSTANTIVE LAW IN §45-5-206(3)(B)(i). THE CASE WAS INCORRECTLY TRIED AS A FELONY.

    (ii) Did you raise this issue in the Montana Supreme Court on direct appeal?

        Yes  G
        (No) G

    If Yes, what did the Montana Supreme Court decide? Check one or both:

        Dismissed issue on procedural grounds   G
        Denied issue for lack of merit          G

(iii) Did you raise this issue in a postconviction appeal or in a petition for writ of habeas corpus in the Montana Supreme Court?

Yes ⊙  ~ Case Number and Date of Result: DA-16-0693
No  ☐                                    APRIL 3, 2018

If Yes, what did the Montana Supreme Court decide? Check one or both:

Dismissed issue on procedural grounds  ☐
Denied issue for lack of merit  ☐
DID NOT EVEN ADDRESS THE ARGUMENT

(iv) Did you ask the Montana Supreme Court to consider federal law in its decision?

Yes ⊙
No ☐

(v) If your answer to any of (ii), (iii), or (iv) is No, explain briefly why not:

B. Ground Two: DUE PROCESS WAS VIOLATED AT SENTENCING

(i) Supporting Facts: MR. TORRES WAS TRIED AND CONVICTED AT TRIAL. AFTER TRIAL THE STATE AND THE COURT ENTERED INTO A POST TRIAL SENTENCING AGREEMENT WHERE MR. TORRES WOULD WAIVE HIS APPEAL RIGHTS UNDER §46-12-211(3). HOWEVER, THIS SECTION OF THE MCA DOES NOT PERMIT POST TRIAL NEGOTIATIONS AND MR. TORRES MOVED TO WITHDRAW FROM THIS AGREEMENT WHEN HE LEARNED HIS CASE WAS INCORRECTLY TRIED AS A FELONY.

(ii) Did you raise this issue in the Montana Supreme Court on direct appeal?

Yes ☐
No ⊙

If Yes, what did the Montana Supreme Court decide? Check one or both:

Petitioner's Last Name  TORRES

Petition for Writ of Habeas Corpus
Page 5 of 8

        Dismissed issue on procedural grounds  G
        Denied issue for lack of merit               G

(iii) Did you raise this issue in a postconviction appeal or in a petition for writ of habeas corpus in the Montana Supreme Court?

    **Yes**  **G**  Case Number and Date of Result: **DA-16-0693**
    No    G                                             **APRIL 3, 2018**

If Yes, what did the Montana Supreme Court decide? Check one or both:

    Dismissed issue on procedural grounds  G
    **Denied issue for lack of merit**               G  **DID NOT EVEN ADDRESS THIS ARGUMENT**

(iv) Did you ask the Montana Supreme Court to consider federal law in its decision?

    **Yes**  **G**
    No   G

(v) If your answer to any of (ii), (iii), or (iv) is No, explain briefly why not:

    If you have additional grounds for relief, please attach extra pages.
    Set forth five subparagraphs for each additional ground for relief
    and answer questions (i) thru (v) above for each ground.

14. Do you have an action or appeal now pending in any court, state or federal, regarding the judgment or decision you challenge in this Petition?

    Yes  G ~ Case Number and Date of Filing:
                      Name of Court:
    **No**  **G**

If Yes, what issues do you raise in that case?

Petitioner's Last Name  **TORRES**                   Petition for Writ of Habeas Corpus
                                                                                      Page 6 of 8

(iii) Did you raise this issue in a postconviction appeal or in a petition for writ of habeas corpus in the Montana Supreme Court?

Yes  G ~ Case Number and Date of Result:
No   G

If Yes, what did the Montana Supreme Court decide? Check one or both:

Dismissed issue on procedural grounds  G
Denied issue for lack of merit         G

(iv) Did you ask the Montana Supreme Court to consider federal law in its decision?

Yes  G
No   G

(v) If your answer to any of (ii), (iii), or (iv) is No, explain briefly why not:

B. Ground ~~Two~~ THREE:

(i) Supporting Facts: MR. TORRES WAS DENIED EFFECTIVE ASSISTANCE UNDER 6TH AMENDMENT WHEN HIS TWO ATTORNEYS FAILED TO CHALLENGE THE USE OF HIS PRIOR NEVADA CONVICTIONS FOR STACKING PURPOSES.

THE NEVADA STATUTE IS NOT SIMILAR TO THE MONTANA STATUTE AND MR. TORRES' ATTORNEYS FAILED TO REASONABLY MAKE THIS CHALLENGE. MR. TORRES SUFFERED PREJUDICE IN THE FORM OF AN ENHANCED CONVICTION AND SENTENCE BECAUSE OF THIS FAILURE.

(ii) Did you raise this issue in the Montana Supreme Court on direct appeal?

Yes  G
(No) G

If Yes, what did the Montana Supreme Court decide? Check one or both:

Petitioner's Last Name  TORRES

Petition for Writ of Habeas Corpus
Page 5 of 8

Dismissed issue on procedural grounds  G ~~to yes~~
Denied issue for lack of merit  G

(iii) Did you raise this issue in a postconviction appeal or in a petition for writ of habeas corpus in the Montana Supreme Court?

Yes  G̊  Case Number and Date of Result: DA-16-0693
No  G                                    APRIL 3, 2018

If Yes, what did the Montana Supreme Court decide? Check one or both:

Dismissed issue on procedural grounds  G
Denied issue for lack of merit  G
DID NOT EVEN ADDRESS THIS ARGUMENT

(iv) Did you ask the Montana Supreme Court to consider federal law in its decision?

Yes  G̊
No   G

(v) If your answer to any of (ii), (iii), or (iv) is No, explain briefly why not:

If you have additional grounds for relief, please attach extra pages.
Set forth five subparagraphs for each additional ground for relief
and answer questions (i) thru (v) above for each ground.

14. Do you have an action or appeal now pending in any court, state or federal, regarding the judgment or decision you challenge in this Petition?

Yes  G ~ Case Number and Date of Filing:
         Name of Court:
No   G̊

If Yes, what issues do you raise in that case?

Petitioner's Last Name  TORRES

Petition for Writ of Habeas Corpus
Page 6 of 8

15. Give the name of the attorney who represented you in the following stages:

    (a) At change of plea hearing or at trial (whichever is applicable):
    CASEY R. MOORE

    (b) At sentencing:
    FRED SNODGRASS

    (c) On appeal:
    N/A

    (d) In any post-conviction proceeding in state district court:
    (Self-Represented G)

    (e) On appeal from any adverse ruling in a post-conviction proceeding:
    (Self-Represented G)

    (f) In any state habeas proceeding:
    Self-Represented G

16. Petitioner asks the Court to grant the following relief: PERMIT WITHDRAWAL FROM SENTENCING AGREEMENT, REMAND FOR STATE OR COURT TO PROVIDE ANALYSIS ON PETITIONER'S CLAIM THAT HIS CASE WAS INCORRECTLY TRIED AS A FELONY IN VIOLATION OF DUE PROCESS. AND RELEASE FROM CUSTODY AND OBLIGATION TO REGISTER AS A VIOLENT OFFENDER. and/or any other relief to which Petitioner may be entitled.

_____
Signature of Petitioner's Attorney (if any)

Petitioner's Declaration

A. I am the Petitioner in this case. I understand the submission of a false statement or false answer to any question may subject me to penalties for perjury. I declare under penalty of perjury that I have read this Petition, and the information I have set forth is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

B. I will keep the Court informed of my current mailing address. I understand

Petitioner's Last Name TORRES

Petition for Writ of Habeas Corpus
Page 7 of 8

that failure to do so may result in dismissal of my case without actual notice to me.

C.  Incarcerated Prisoners Only: This Petition was deposited in the prison system for legal mail on:

the 11 day of June, 2018.

_____
Petitioner's Signature

June 11, 2018
Date Signed

Revised Aug. 2012

Petitioner's Last Name TORRES

Petition for Writ of Habeas Corpus
Page 8 of 8

# Motion for Appointment of Counsel

Because Mr. Torres was not afforded appointment of counsel to review his case for errors after his trial and conviction, he is respectfully asking this Court to assign him counsel to review this matter.

Respectfully submitted this 11 day of June 2018.

Franco Torres
Petitioner