
FILED
NOV 08 2019
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FRANCO LEO TORRES,<br><br>Petitioner,<br><br>vs.<br><br>DEVON MCGEE; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 18-95-BLG-SPW<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE AND DISMISSING PETITION |

Petitioner Franco Leo Torres, appearing pro se, seeks habeas corpus relief under 28 U.S.C. § 2254. Before the Court are the United States Magistrate Judge's Findings and Recommendations. (Doc. 5.) The Magistrate recommended the Court dismiss Torres's Petition for Writ of Habeas Corpus (Doc. 1) because his due process claims are not cognizable in federal habeas and his ineffective assistance of counsel claim does not survive deferential review. (Doc. 5 at 23.) The Magistrate further recommended the Court deny Torres a certificate of appealability. (*Id.*) Torres subsequently filed objections to the Magistrate's Findings and Recommendations. (Doc. 6.)

1

## I. Background

The State charged Torres with felony partner-family member assault (PFMA) under Mont. Code Ann. § 45–5–206 in the Thirteenth Judicial District Court, Yellowstone County. (Doc. 1 at 2.) Torres had two prior Nevada domestic violence convictions, so the State charged him with his third or subsequent conviction for PFMA, which substantially increased his potential penalties. (*Id.* at 4.) Torres was convicted following a trial. (*Id.* at 2–3.) After trial, Torres entered into a sentencing agreement with the State and agreed to be sentenced as a persistent felony offender to five years with the Montana Department of Corrections. The district court sentenced Torres accordingly. Torres did not file an appeal. (*Id.* at 3.)

Torres filed a petition for postconviction relief with the state district court in February 2016. (Doc. 5-2 at 1.) He alleged various claims for ineffective assistance of counsel (IAC) and prejudicial delay between his trial and sentencing. (Doc. 5-1 at 2–3.) The district court determined Torres failed to submit sufficient evidence supporting his IAC claims, and the court primarily attributed the delay between trial and sentencing to Torres. (*Id.* at 3; Doc. 5-2 at 3.) Because Torres failed to meet the statutory threshold for the court to consider the merits of his claims, the court dismissed his petition. (Doc. 5-2 at 3.)

Torres appealed the dismissal to the Montana Supreme Court. *Torres v. State*, 2018 MT 79N. In a memorandum opinion, the Court affirmed the dismissal. It

found, "Torres' IAC claims are essentially no more than assertions as to various actions or inactions by counsel coupled with unsupported assertions that the actions or inactions were deficient and prejudicial." *Id.* at ¶ 11. Moreover, Torres failed to show the District Court dismissed his petition based on "a clearly erroneous finding of material fact, an erroneous conclusion of law, or abuse of discretion." *Id.* at ¶ 12.

Torres subsequently filed the pending petition for writ of habeas corpus. (Doc. 1.) First, Torres alleged the State violated his due process rights when it "qualified two irrelevant out-of-state Nevada domestic violence convictions for stacking purposes to enhance the current conviction and sentence to a felony." (*Id.* at 4.) Second, he claimed the district court violated his due process rights when it allowed him to enter into a post-trial sentencing agreement in which he waived his right to appeal. (*Id.* at 5.) Third, he alleged ineffective assistance of counsel because both his trial attorney and sentencing attorney failed to challenge the use of his prior Nevada convictions for stacking purposes. (*Id.* at 7.)

In his Findings and Recommendations, the Magistrate determined that whether Torres's Nevada domestic violence convictions could qualify for stacking purposes under Montana's PFMA statute was a matter of state law—an improper basis for federal habeas relief. (Doc. 5 at 11). Similarly, the Magistrate determined Torres's due process claims relating to his post-trial sentencing agreement were rooted in state law and not cognizable under federal habeas relief. (*Id.* at 14.)

Finally, the Magistrate noted the doubly deferential review of IAC claims for federal habeas relief. *Strickland v. Washington*, 466 U.S. 668 (1984) requires state courts to give deference to counsel's decisions, and the Antiterrorism and Effective Death Penalty Act of 1996, in turn, requires federal courts to defer to state court decisions on the merits. (Doc. 5 at 16 (citing *Harrington v. Richter*, 562 U.S. 86, 105 (2011).) Under this standard, the Magistrate found Torres's IAC claims did not survive doubly deferential review. (*Id.* at 20.) Having rejected each of Torres's arguments, the Magistrate recommended this Court dismiss his petition. (*Id.* at 23.)

## II. Discussion

Mont. Code Ann. § 45–5–206(3) imposes enhanced penalties for PFMA where a defendant has one or more prior PFMA convictions. Its definition of *conviction* includes "a conviction for a violation of a statute similar to this section in another state." Section 45–5–206(3)(b)(iii).

Torres's central objection is that he "was denied a state-created liberty interest that is provided for in Mont. Code Ann. § 45–5–206(3)(b)(iii)." He seeks remand under his due process rights so that the Montana Supreme Court may resolve whether the Nevada statute for domestic violence is sufficiently similar to Montana's PFMA statute to qualify as a conviction for stacking purposes under § 45–5–

206(3)(b)(iii).[1] He believes the statute's language creates a liberty interest enforceable under the Due Process Clause.

### A. Torres's Nevada Domestic Violence Convictions

Whether an out-of-state domestic violence conviction is similar enough to Montana's PFMA statute to qualify for stacking purposes is a matter of state law; "it is only noncompliance with *federal law* that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (emphasis in original). Habeas relief is available to a state prisoner only on the ground that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Wilson*, 562 U.S. at 5 ("[W]e have repeatedly held that federal habeas corpus relief does not lie for errors of state law." (internal citations and quotations omitted)). An alleged error in the application of state sentencing laws generally is not an error subject to habeas relief. *See Miller v. Vasquez*, 868 F.2d 1116, 1119 (9th Cir. 1989) (refusing to decide whether assault with a deadly weapon qualified as a "serious felony" for purposes of California sentencing statutes because that was a question of state law).

---

[1] Torres is mistaken that this Court has the authority to remand a case to the Montana Supreme Court. The Montana Supreme Court—not a federal court—has the final say on questions of state law in Montana. Occasionally, this Court may certify questions of state law to the Montana Supreme Court, but the Montana Supreme Court decides whether to accept the certification. Mont. R. App. P. 15(3). Certification would be inappropriate here. Torres's state-law claims are not subject to federal habeas relief, regardless of whether the Montana Supreme Court determined Torres's Nevada convictions were similar enough to his Montana PFMA conviction to stack.

5

More specifically, where a prior conviction enhances a defendant's sentence, it is a matter of state law. *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). Even if a state court misapplies its own sentencing laws, federal habeas relief is not justified "[a]bsent a showing of fundamental unfairness." *Id.*; *see Williams v. Swarthout*, 2013 WL 211134, at *11 (E.D. Cal. Jan. 16, 2013) (deferring to a California Court of Appeal's determination that a prior Illinois robbery conviction constituted a *strike* under California's Three Strikes Law); *see also Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("The decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus."); *Hendricks v. Zenon*, 993 F.2d 664, 674 (9th Cir. 1993) (rejecting an argument that a state trial court's failure to merge similar convictions for the purpose of sentencing violated a defendant's due process rights because "[t]here is no federal Constitutional right to merger of convictions for purposes of sentencing").

The state sentencing court's inclusion of Torres's prior domestic violence convictions was a matter of state law, and it was not fundamentally unfair. Even if the district court misapplied § 45-5-206(3)(b)(iii), Torres has not made a showing of fundamental unfairness violating his due process rights. For example, it would be fundamentally unfair if the prior convictions were fabricated or nonexistent. But Torres himself admits they exist and that the sentencing court applied them when

fashioning a sentence. (Doc. 1 at 4.) He claims only that his prior convictions were applied "without any analysis" of § 45–5–206(3)(b)(iii). However, Torres may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Torres has not shown the use of his Nevada domestic violence convictions to enhance his Montana PFMA sentence is fundamentally unfair.

### B. Procedural Due Process Objection

Citing *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 462 (1989), Torres also claims he "was denied a state-created liberty interest that is provided for in Mont. Code Ann. § 45–5–206(3)(b)(iii)."

*Kentucky Dept. of Corrections* analyzes whether a state statute creates a liberty or property interest—a right or entitlement—through explicit language, especially regarding limits on prisoners' freedom from restraint. *Kentucky Dept. of Corrections* and its progeny require states to provide for procedural due process when making changes to certain prisoner policies and regulations. *Id.*; *see Wilkinson v. Austin*, 545 U.S. 209 (2005); *Sandin v. Conner*, 515 U.S. 472 (1995). When a prison policy change does implicate prisoners' liberty interests, states must provide procedural due process safeguards, just as they should when liberty interests are at stake in other contexts. *Wilkinson v. Austin*, 545 U.S. at 224. In *Wilkinson*, for example, the United States Supreme Court applied a three-factor framework from a

7

security benefits case—*Mathews v. Eldridge*, 424 U.S. 319 (1976)—to determine whether a state procedure for segregating prisoners in maximum-security facilities comported with procedural due process.

*Kentucky Dept. of Corrections* is largely irrelevant. Section 45-5-206 is a state sentencing statute. There is no doubt Torres's sentence of imprisonment deprived him of liberty within the meaning of the Due Process Clause. But whether he was deprived of liberty without procedural due process is a separate question. Torres does not allege a procedural due process deficiency such as a lack of notice or an opportunity to be heard. *See Mathews*, 424 U.S. 319; *see also Mullane v. C. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950) (holding that at the very least, due process requires "notice and opportunity for hearing appropriate to the nature of the case.") Instead, Torres's habeas petition rests on state law issues.

The government provided Torres notice via the information that his Nevada domestic violence convictions would be stacked, and Torres had opportunities to be heard on the issue at several stages of his proceedings. Torres's post-conviction attorney even advised him on contesting the use of his Nevada domestic violence convictions for stacking purposes, but he declined pursuing the issue. (Doc. 5-3 at 2–3.) Torres has not shown fundamental unfairness or a procedural due process deficiency in his case. Torres's objection to the Magistrate's Findings and

Recommendations amounts only to an issue of state law, not a procedural due process violation. Accordingly, the Court overrules Torres's objection.

**C. Review of the Remaining Findings and Recommendations**

The Court reviews the Magistrate's remaining findings of fact for clear error and his conclusions of law de novo. Torres's remaining two claims are that he should not have been allowed to enter into a post-trial sentencing agreement under § 46–12–211(b) and his counsel was ineffective by failing to challenge the use of his prior Nevada convictions. (Doc. 1 at 4–7.)

First, Torres cites only a Montana state statute as a reason for invalidating his post-trial sentencing agreement. Like Torres's other state-law claims, the Magistrate correctly concluded Torres's state-law challenge to the agreement was improper for federal habeas review.

Second, the Magistrate did not clearly err when he made the following findings: Torres's trial attorney negotiated a favorable plea deal that Torres rejected because he wanted to proceed to trial, (Doc. 5-3 at 24); Torres's post-conviction attorney counseled him about challenging his prior Nevada domestic violence convictions, but Torres declined pursuing the issue, (Doc. 5-3 at 30–31); and another state district court had previously determined Torres's Nevada convictions were

sufficiently similar to an earlier Montana PFMA charge[2] to warrant stacking, which the Montana Supreme Court did not disturb on appeal, *Torres v. State*, 2019 MT 32N. The Court has reviewed the Magistrate's factual findings, the attached records, and the affidavits of Torres's attorneys. Given the doubly deferential review of IAC claims for federal habeas relief, the Court agrees with the Magistrate that Torres has failed to demonstrate deficient performance of either his trial or post-conviction attorneys. Even if he could, he cannot establish he suffered actual prejudice under the second prong from *Strickland*.

### III. Leave to Amend and Certificate of Appealability

District courts must grant a habeas petitioner an opportunity to amend the petition to overcome a deficiency "unless it clearly appears from the complaint that the deficiency cannot be overcome by amendment." *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). It clearly appears from the petition that Torres cannot overcome the unavailability of federal habeas relief for his state law claims by amendment. Furthermore, given the Magistrate's findings regarding Torres's counsel and the record before the Court, it clearly appears from the petition that Torres cannot overcome the deficiency in his

---

[2] Torres pleaded guilty to felony PFMA in 2008 in Lewis and Clark County. He filed a petition for post-conviction relief in August 2017 on the grounds that the Nevada domestic violence statute was not similar to Montana's PFMA statute. The district court held they were similar. The Montana Supreme Court held Torres's petition was time-barred, but it did not suggest Torres's Nevada convictions were unlawfully stacked. *See Torres v. State*, 2019 MT 32N; (Doc. 5 at 7–8.)

IAC claims by amendment. The Court will not grant Torres leave to amend his habeas petition.

Finally, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A certificate of appealability (COA) should be issued for those claims where a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Torres's state-law claims, although framed as due process violations, are not cognizable in federal habeas. Torres's IAC claim does not survive deferential review. Jurists of reasons would not disagree with the Court's resolution of these claims or conclude the issues deserve encouragement to proceed. A COA is denied. Accordingly,

**IT IS HEREBY ORDERED:**

1. The Magistrate's Findings and Recommendations (Doc. 5) are adopted IN FULL.

2. Torres's Petition for Writ of Habeas Corpus (Doc. 1) is DENIED.

3. A Certificate of Appealability is DENIED.

4. Torres shall not be granted leave to amend the Petition.

5. The Clerk of Court shall enter judgment in favor of Respondents against Torres.

DATED this 8th day of November 2019.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge